SYLVESTER HALL AND KENNETH FOWLER, PLAINTIFFS v. GEORGE HAM-
MOND CARTER, JR., ENERGY TECHNOLOGY AND DEVELOPMENT,
STACY NEWKIRK, JR., AND STACY NEWKIRK, SR., DEFENDANTS

No. 8814SC124

(Filed 5 July 1988)

**Costs § 3; Rules of Civil Procedure § 37— failure to make discovery—expenses as-
sessed—time for payment**

It is within the trial court's discretion to require that expenses of obtain-
ing an order compelling discovery assessed pursuant to N.C.G.S. § 1A-1, Rule
37(a)(4) be paid at any time after entry of an order pursuant to the rule, and
the better practice is for all such orders to include a provision as to when pay-
ment of such expenses shall be made. Since the trial court's order in this case
did not set a time certain for payment of the expenses assessed against plain-
tiff, the drastic remedy of dismissal granted by the trial court was improper.

APPEAL by plaintiff from *Barnette, Henry V., Jr., Judge.* Or-
der entered 14 July 1987 in DURHAM County Superior Court.
Heard in the Court of Appeals 8 June 1988.

This action arose out of an automobile accident that occurred
on 2 September 1983 in Durham County. Plaintiffs Sylvester Hall
and Kenneth Fowler were passengers in an automobile owned by
defendant Stacy Newkirk, Sr. and being driven by defendant
Stacy Newkirk, Jr. when it collided with a truck which was
owned by defendant Energy Technology and Development, Inc.
and was being operated by defendant George H. Carter, Jr. The
plaintiffs alleged in their complaint that the accident was caused
by the willful and wanton negligence of Stacy Newkirk, Jr. or
Carter, or both of them, and that their injuries and damages were
proximately caused by defendants' conduct. The defendants an-
swered in apt time and presented cross-claims.

On 8 December 1986 defendants Newkirk (defendants) served
plaintiff Fowler (plaintiff) with interrogatories. On 13 April 1987
Judge Anthony M. Brannon, upon motion of defendants to compel
discovery, ordered plaintiff to answer the interrogatories served
on 8 December within 15 days and further ordered that plaintiff
be taxed $200 "for the costs of obtaining this order." Plaintiff
served completed answers to the interrogatories on 16 April.
However, he did not pay the $200 "costs," and on 23 June the de-
fendants moved to dismiss plaintiff's claim for relief for failure to

pay the $200 assessed. On 14 July Judge Henry V. Barnette, Jr. entered an order (1) concluding that plaintiff had willfully failed to comply with the 13 April discovery order and (2) dismissing plaintiff's claim pursuant to N.C. Gen. Stat. § 1A-1, Rule 37 of the Rules of Civil Procedure. Plaintiff appealed.

*Albert L. Willis for plaintiffs.*

*Haywood, Denny, Miller, Johnson, Sessoms & Patrick, by James H. Johnson, III, Sherry R. Dawson and Robert W. Oast, Jr., for defendants.*

WELLS, Judge.

Rule 37(a)(4) of the North Carolina Rules of Civil Procedure provides that if a motion for an order compelling discovery is granted,

> the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Plaintiff in the present case does not challenge the trial court's authority to require him to pay the "reasonable expenses incurred" by defendants in obtaining the 13 April order compelling discovery. Moreover, plaintiff concedes that the $200 taxed against him has not been paid. But he contends that his failure to pay is excused because the 13 April order does not set a definite and clearly ascertainable time within which payment is to be made. The last paragraph of the 13 April order provides as follows:

> NOW, THEREFORE, and pursuant to the provisions of Rule 37 of the Rules of Civil Procedure, IT IS ORDERED that plaintiff Kenneth Fowler within 15 days from the date of entry of this order serve upon defendants Newkirk full and complete written answers to the interrogatories of said defendants of date December 8, 1986. IT IS FURTHER ORDERED that the sum

of $200—shall be taxed to said plaintiff for the costs of obtaining this order.

Plaintiff contends that in the absence of an unambiguous order clearly setting a time certain for payment, costs taxed pursuant to Rule 37(a)(4) are not due and owing until after final judgment.

We cannot agree with plaintiff that expenses assessed pursuant to Rule 37(a)(4) are not due and payable until final judgment, but rather hold that it is within the trial court's discretion to require that such expenses be paid at any time after entry of an order pursuant to the rule. Accordingly, the better practice would be for all such orders to include a provision as to when payment of such expenses shall be made. Since the order entered by Judge Brannon in this case did not set a time certain for the payment of the expenses assessed against plaintiff, we hold that the drastic remedy of dismissal granted by Judge Barnette was improper and reverse. We remand for an appropriate order setting a time certain for plaintiff's compliance with Judge Brannon's order.

Reversed and remanded.

Judges BECTON and PHILLIPS concur.